1  [COUNSEL LISTED ON FOLLOWING PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIRST UNITARIAN CHURCH OF LOS ANGELES; *et al.*,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>NATIONAL SECURITY AGENCY, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 13-cv-3287-JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:　　November 8, 2013<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 11, 19th Floor<br>Judge:　　Hon. Jeffrey S. White |

**COUNSEL FOR PLAINTIFFS:**

CINDY COHN (SBN 145997)
cindy@eff.org
LEE TIEN (SBN 148216)
KURT OPSAHL (SBN 191303)
MATTHEW ZIMMERMAN (SBN 212423)
MARK RUMOLD (SBN 279060)
DAVID GREENE (SBN 160107)
JAMES S. TYRE (SBN 083117)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA  94109
Telephone:  (415) 436-9333
Fax:  (415) 436-9993

RICHARD R. WIEBE (SBN 121156)
wiebe@pacbell.net
LAW OFFICE OF RICHARD R. WIEBE
One California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Fax:  (415) 433-6382

RACHAEL E. MENY (SBN 178514)
rmeny@kvn.com
MICHAEL S. KWUN (SBN 198945)
BENJAMIN W. BERKOWITZ (SBN 244441)
KEKER & VAN NEST, LLP
633 Battery Street
San Francisco, California  94111
Telephone:  (415) 391-5400
Fax:   (415) 397-7188

THOMAS E. MOORE III (SBN 115107)
tmoore@rroyselaw.com
ROYSE LAW FIRM, PC
1717 Embarcadero Road
Palo Alto, CA 94303
Tel.: (650) 813-9700
Fax: (650) 813-9777

ARAM ANTARAMIAN (SBN 239070)
aram@eff.org
LAW OFFICE OF ARAM ANTARAMIAN
1714 Blake Street
Berkeley, CA 94703
Telephone:  (510) 289-1626

**COUNSEL FOR THE GOVERNMENT ENTITY AND OFFICIAL CAPACITY DEFENDANTS:**

STUART F. DELERY
Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Deputy Branch Director
tony.coppolino@usdoj.gov
JAMES J. GILLIGAN
Special Litigation Counsel
james.gilligan@usdoj.gov
MARCIA BERMAN
Senior Trial Counsel
marcia.berman@usdoj.gov
BRYAN DEARINGER
Trial Attorney
bryan.dearinger@usdoj.gov
RODNEY PATTON
Trial Attorney
rodney.patton@usdoj.gov
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, NW, Rm. 7132
Washington, D.C. 20001
Phone: (202) 514-2205; Fax: (202) 616-8470

# JOINT CASE MANAGEMENT STATEMENT

## 1. Jurisdiction and Service

Plaintiffs allege the Court has subject matter jurisdiction over the claims in this case pursuant to 28 U.S.C. § 1331.  The government entity and official capacity defendants have been served with the Summons and Complaint.  ECF No. 11.  The individual capacity defendants have not yet been served, but Plaintiffs will serve them on or before February 7, 2014.  Although the government entity and official capacity defendants do not contest personal jurisdiction or venue, the Government will argue that the Court lacks subject matter jurisdiction to hear some or all of these claims.

## 2. Facts

**PLAINTIFFS' STATEMENT:**

Plaintiffs are organizations that represent and advocate a wide range of religious, political, and social viewpoints.  They bring this action challenging the government's admitted, ongoing bulk collection of the telephone calling records of them, their members and staff, and every other American who uses a telephone.

As the Court is aware, there have been significant public disclosures and declassifications by the government recently regarding the NSA's bulk collection of telecommunications data, including a program under which NSA collects and analyzes large amounts of transactional data obtained from telecommunications service providers in the United States.  These disclosures include the FISA Court orders purporting to authorize the bulk collection of telephone calling records of many millions of domestic telephone calls each day.  *See* FISC Primary Order of October 11, 2013, *available at* http://www.uscourts.gov/uscourts/courts/fisc/br13-158-memo-131018.pdf.

Plaintiffs do not allege they were the targets of surveillance, and proof of who the government targeted for surveillance is not an element of their claims.  Plaintiffs' claims instead are based on the unlawful bulk collection of communications records that occurs

before the government begins selecting out the communications and records it targets for further examination.

**DEFENDANTS' STATEMENT:**

Plaintiffs seek to enjoin the Government's bulk collection of telephony metadata, pursuant to Section 215 of the USA PATRIOT Act, Pub. L. No. 107-56, 115 Stat. 272 (2001) (codified at 50 U.S.C. § 1861).  This program is an important element of the Government's ongoing efforts to defend the Nation and its people from continuing threats of terrorist attack.  The metadata are business records created by (and belonging to) telecommunications service providers and are comprised of non-content based information such as the time and duration of calls made and the numbers dialed.

Fifteen different Article III judges on the Foreign Intelligence Surveillance Court (FISC) have authorized the collection of these business records on thirty-five separate occasions.  Finding that the collection of these records is lawful, the FISC has repeatedly authorized National Security Agency (NSA) analysts to conduct targeted electronic searches of the bulk telephony metadata to identify unknown terrorist operatives, who may be located in the United States, in an effort to prevent terrorist attacks.  Plaintiffs' claims that the challenged collection of telephony metadata is not authorized under 50 U.S.C. § 1861 and violates their constitutional rights are baseless.  For these and other reasons, their request for declaratory and injunctive relief should be denied.

3. **Legal Issues**

Plaintiffs allege that defendants' bulk collection of telephone calling records violates the First, Fourth, and Fifth Amendments and 50 U.S.C. § 1861, and entitles them to relief under those authorities as well as under Federal Rule of Criminal Procedure 41(g). Defendants contend that their bulk collection of telephony metadata is authorized by, and is in compliance with, governing statutes and is lawful under the Constitution. For these reasons, including jurisdictional bars to some or all of Plaintiffs' claims, Plaintiffs' complaint should be dismissed.

**4.     Motions**

Plaintiffs intend to bring an early motion for partial summary judgment on their statutory and First Amendment claims.  Defendants intend to bring a cross-motion to dismiss the complaint in its entirety.

The parties agree on, and submit for the Court's approval, the following briefing schedule:

| | |
|---|---|
| Plaintiffs' motion for partial summary judgment: | Nov. 6, 2013 |
| Defendants' opposition to plaintiffs' motion and defendants' cross-motion to dismiss | Dec. 6, 2013 |
| Plaintiffs' reply in support of their motion for partial summary judgment and plaintiffs' opposition to defendants' motion to dismiss | Jan. 10, 2014 |
| Defendants' reply in support of their motion to dismiss | Jan. 24, 2014 |
| Hearing | Feb. 7, 2014 |

Given the complexity and nature of the claims presented in this case, the parties jointly ask the Court for an exception to Local Rule 7-4 and this Court's Civil Standing Orders with regard to page limits on the briefs set forth above.  The parties request the following page limitations:  25 pages for Plaintiffs' memorandum in support of their motion for partial summary judgment; 40 pages for Defendants' joint opposition to that motion and cross motion to dismiss; 40 pages for Plaintiffs' joint reply in support of their partial summary judgment motion and opposition to Defendants' motion to dismiss; and 25 pages for Defendants' reply in support of their motion to dismiss.

**5.     Amendment of Pleadings**

Plaintiffs filed a first amended complaint on September 10, 2013.  Although Defendants' deadline for filing a responsive pleading to the first amended complaint is

November 12, 2013, the parties have agreed to the briefing schedule set forth above in lieu of Defendants' responsive pleading deadline.

Plaintiffs are pursuing the notice procedures for presenting a claim under 18 U.S.C. § 2712 and expect they will move to amend the first amended complaint to state a claim under § 2712 once the claim procedure is completed.  Defendants reserve their rights to move to dismiss or otherwise seek to dispose of this forthcoming damages claim at the appropriate time.

## 6. **Evidence Preservation**

The parties are aware of, and are complying with, their respective preservation obligations.  The parties have also reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and expect to engage in subsequent meet and confer discussions with respect to this issue as appropriate.

## 7. **Disclosures**

The parties met and conferred on October 24, 2013, pursuant to Rule 26. Plaintiffs propose that the parties make mutual and simultaneous Rule 26(a)(1) disclosures in 120 days.  Defendants propose that the parties' Rule 26(a)(1) disclosures be postponed until 45 days after the Court rules on the dispositive motions discussed above.

## 8. **Discovery**

No discovery has been taken to date.  Plaintiffs anticipate that they will be able to prove their case with publicly available information.  Defendants propose that all matters relating to discovery be postponed until after the Court resolves the motions discussed above.

## 9. **Class Actions**

This is not a class action.

## 10. **Related Cases**

The Court has related this case to *Jewel et al. v. National Security Agency et al.*,

No. 08-cv-4273-JSW.

**11.   Relief**

Plaintiffs seek to enjoin Defendants' unlawful bulk acquisition of communications records, to require the inventory and destruction of those that have already been seized, and seek corresponding declaratory relief.  Defendants deny that bulk collection of telephony metadata under 50 U.S.C. § 1861 is unlawful and that Plaintiffs are entitled to any of the relief they seek in their first amended complaint, or to any relief whatsoever.

**12.   Settlement and ADR**

No settlement discussions have taken place.  The parties do not believe that ADR would be productive, given the nature of the claims raised and the relief sought by Plaintiffs.  The parties have a telephone conference with the Court's ADR Unit scheduled for November 6, 2014.

**13.   Consent to Magistrate Judge for All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.   Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master.

**15.   Narrowing of Issues**

Plaintiffs expect that the disputed issues between the parties will turn out for the most part to be legal rather than factual ones, that the facts will be largely undisputed, and that the disputed legal issues can be narrowed or resolved on summary judgment. Defendants expect that this case should be resolved completely as a matter of law by their motion to dismiss.

**16.   Expedited Trial Procedure**

The parties agree that this is not the type of case that can be handled under the

Expedited Trial Procedure of General Order No. 64 Attachment A.

### 17. Scheduling

Plaintiffs propose the following case schedule:

Expert designation date: September 5, 2014

Fact discovery cut-off: November 3, 2014

Expert discovery cut-off: December 5, 2014

Last day for filing dispositive motions: February 7, 2015

Trial: April 27, 2015

Defendants maintain that it is premature to propose dates for these events prior to the resolution of the forthcoming dispositive motions.

### 18. Trial

Plaintiffs have demanded a trial by jury of all issues so triable. Plaintiffs anticipate that a full trial, if necessary, will take approximately two weeks. Plaintiffs also anticipate, however, that it will be possible to resolve many issues on summary judgment. Defendants expect that this case should be resolved completely as a matter of law by their motion to dismiss such that no trial will be necessary. In the event that a trial is necessary, Defendants' position is that none of the claims Plaintiffs assert are triable by jury.

### 19. Disclosure of Nonparty Interested Entities or Persons

Plaintiffs have filed a Certification of Interested Entities or Persons required by Civil Local Rule 3-16. Plaintiffs hereby restate the contents of their prior certification and state that, to their knowledge, no entities other than the parties themselves have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendants are not required to file a Certification of Interested Entities or Persons either under Federal Rule of Civil Procedure 7.1 or under Local Civil Rule 3-16.

20. **Other Issues**

None.

Dated:  October 31, 2013           By:

                                                 **COUNSEL FOR PLAINTIFFS:**

                                                 *s/ Richard R. Wiebe*

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (SBN 145997)
LEE TIEN (SBN 148216)
KURT OPSAHL (SBN 191303)
MATTHEW ZIMMERMAN (SBN 212423)
MARK RUMOLD (SBN 279060)
DAVID GREENE (SBN 160107)
JAMES S. TYRE (SBN 083117)

KEKER & VAN NEST, LLP
RACHAEL E. MENY (SBN 178514)
MICHAEL S. KWUN (SBN 198945
BENJAMIN BERKOWITZ (SBN 244441)

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE (SBN 121156)

ROYSE LAW FIRM, PC
THOMAS E. MOORE III (SBN 115107)

LAW OFFICE OF ARAM ANTARAMIAN
ARAM ANTARAMIAN (SBN 239070)

**COUNSEL FOR THE GOVERNMENT ENTITY AND OFFICIAL CAPACITY DEFENDANTS:**

STUART F. DELERY
Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Deputy Branch Director
tony.coppolino@usdoj.gov
JAMES J. GILLIGAN
Special Litigation Counsel
james.gilligan@usdoj.gov

    s/ *Marcia Berman*
MARCIA BERMAN
Senior Trial Counsel
marcia.berman@usdoj.gov
BRYAN DEARINGER
RODNEY PATTON
Trial Attorneys
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, NW, Rm. 7132
Washington, D.C. 20001
Phone: (202) 514-2205; Fax: (202) 616-8470

**CASE MANAGEMENT ORDER**

IT IS SO ORDERED.

Dated: _____          _____
                                        HON. JEFFREY S. WHITE

## CIVIL L.R. 5.1 CERTIFICATION

I attest that I have obtained the concurrence of Cindy Cohn (counsel for Plaintiffs) in the filing of this document.

/s/ *Marcia Berman*
Marcia Berman