1  CINDY COHN (SBN 145997)
cindy@eff.org
2  LEE TIEN (SBN 148216)
KURT OPSAHL (SBN 191303)
3  MATTHEW ZIMMERMAN (SBN 212423)
MARK RUMOLD (SBN 279060)
4  DAVID GREENE (SBN 160107)
JAMES S. TYRE (SBN 083117)
5  ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
6  San Francisco, CA 94109
Tel.: (415) 436-9333; Fax: (415) 436-9993
7
THOMAS E. MOORE III (SBN 115107)
8  tmoore@rroyselaw.com
ROYSE LAW FIRM, PC
9  1717 Embarcadero Road
Palo Alto, CA 94303
10  Tel.: 650-813-9700; Fax: 650-813-9777

11  Attorneys for Plaintiffs

RACHAEL E. MENY (SBN 178514)
rmeny@kvn.com
MICHAEL S. KWUN (SBN 198945)
BENJAMIN W. BERKOWITZ (SBN 244441)
KEKER & VAN NEST, LLP
633 Battery Street
San Francisco, California 94111
Tel.: (415) 391-5400; Fax: (415) 397-7188

RICHARD R. WIEBE (SBN 121156)
wiebe@pacbell.net
LAW OFFICE OF RICHARD R. WIEBE
One California Street, Suite 900
San Francisco, CA 94111
Tel.: (415) 433-3200; Fax: (415) 433-6382

ARAM ANTARAMIAN (SBN 239070)
aram@eff.org
LAW OFFICE OF ARAM ANTARAMIAN
1714 Blake Street
Berkeley, CA 94703
Telephone: (510) 289-1626

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FIRST UNITARIAN CHURCH OF LOS ANGELES, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SECURITY AGENCY, *et al.*,<br><br>Defendants. | Case No: 3:13-cv-03287 JSW<br><br>**DECLARATION OF GADEIR ABBAS ON BEHALF FOR THE COUNCIL ON AMERICAN-ISLAMIC RELATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:  February 7, 2014<br>Time:  9:00 A.M.<br>Hon. Jeffrey S. White<br>Courtroom 11 - 19th Floor |

1    I, Gadeir Abbas, hereby declare:

2    1.    I am the Staff Attorney with CAIR Foundation.  The facts contained in the following

3    affidavit are known to me of my own personal knowledge and if called upon to testify, I could and

4    would competently do so.

5    2.    Our organization seeks to enhance the understanding of Islam, encourage dialogue,

6    and empower American Muslims.  Additionally, CAIR Foundation provides legal services to

7    persons who are injured by private or governmental actors subjecting them to discriminatory

8    treatment.  Many of the individuals who CAIR Foundation represents are on government watch lists

9    that prevent or inhibit their travel, some of whom are located outside the United States.  Others are

10   the target of coercive FBI requests to submit to interrogation.

11   3.    The collection of our phone records by the government has and continues to (1)

12   inhibit CAIR Foundation's ability to communicate with its clients in furtherance of its legal services

13   and (2) have other consequences which objectively suggest an impact on, or a 'chilling' of, our

14   organization's associational rights.

15   4.    I say this because of the following facts:

16        a.  On numerous occasions, prospective clients and current clients have been

17            unwilling to communicate frankly over the phone or via email due to concerns of

18            government surveillance. This has hindered my ability to provide legal services

19            and has also interfered with my ability to assess whether or not to retain

20            particular clients.

21        b.  Additionally, believing that the United States would possess records pertaining to

22            any communication I make, I have been forced to counsel clients in person rather

23            than over the phone to avoid surveillance.  In some instances, we have removed

24            the batteries from our phones when particularly sensitive discussions arose to

25            prevent the collection of data.

26        c.  In a few instances, I have had to utilize specialized encryption computer software

27            to communicate with persons overseas. Such communications cannot and do not

28

1

1    qualitatively replace the utility of communicating over the phone.

2        d.  And as a general matter, because many of the persons CAIR Foundation

3    represents are subject to tangible manifestations of federal government scrutiny,

4    discretion and confidentiality in their communications and associations with us is

5    of paramount importance to such persons.  Knowing that the government is

6    certainly logging communications such persons may have with CAIR Foundation

7    will deter these persons from seeking our assistance.

8        e.  The Associational Tracking Program has also interfered with my ability to

9    communicate with co-counsel about issues that pertain to our legal representation

10   of clients.

11   5.    Thus, the Associational Tracking Program activities have harmed us because we have

12   assumed extra burdens and have otherwise been inhibited in providing our legal services with clients

13   who had desired the fact of their communication to us to remain secret.

14   6.    Further, we can no longer assure prospective clients, current clients, constituents, and

15   CAIR affiliates that their communications with us will not, in the eyes of the federal government,

16   implicate them or otherwise create a relationship with another individual who has also contacted

17   CAIR to seek assistance.

18   7.    To illustrate, CAIR Foundation serves as the national headquarters for all local and

19   regional CAIR offices. Although each local affiliate is an independent legal entity, CAIR Foundation

20   frequently communicates by phone with those offices.

21   8.    CAIR Foundation, and most CAIR affiliates, provide legal advice and support for

22   Muslims who are being threatened with or who have experienced law enforcement harrassment of

23   some nature. The overwhelming majority of people who contact us are never indicted, however, or

24   are never otherwise formally accused of any crime.

25   9.    Nevertheless, CAIR Foundation's work does involve cases (some high profile)

26   involving individuals who have been charged with aiding terrorism or who have otherwise come

27   under formal government indictment or scrutiny, such as those on watch lists maintained by the

28

2

DECLARATION OF GADEIR ABBAS ON BEHALF FOR THE COUNCIL
ON AMERICAN-ISLAMIC RELATIONS ISO PLAINTIFFS' MSJ
CASE NO. 13-cv-3287 JSW

1 federal government which are comprised of individuals the government considers "known or

2 appropriately suspected terrorists."

3        10.        It is my understanding that the government uses the Associational Tracking Program

4 to investigate the contacts and relationships of those suspected of terrorism-related activities and

5 crimes.

6        11.        It is also my understanding that, when using the Associational Tracking Program, the

7 government often examines multiple "degrees" of relationships between individuals, or "hops" of

8 associations. This means the government can examine the contact patterns and relationships between

9 an individual and their contacts; their contacts' contacts; and the contacts of their contacts' contacts. I

10 understand that these webs of associations can expand to include many thousands, if not millions, of

11 people.

12        12.        By virtue of this "guilt by association" form of analysis, large swaths of the American

13 Muslim community may be subject to government scrutiny, simply by virtue of having contacted

14 CAIR and because of CAIR's advocacy efforts on behalf of those who have sought CAIR's help.

15 That is, if a CAIR client accused or suspected of a terrorism-related crime contacts us, all those who

16 contact CAIR — including our constituents, prospective clients, other CAIR affiliates, and even

17 CAIR affiliate's prospective clients — are accordingly put at risk of government scrutiny, solely

18 through their shared "association" with CAIR.

19        13.        Since the disclosure of the Associational Tracking Program, we have lost the ability to

20 confidently assure American Muslim community members, as well as all others who seek to

21 communicate with us, that the fact of their communications to and with us will be kept confidential.

22        14.        When communications to which we are a party trigger additional government scrutiny,

23 our organizational mission is undermined. The Associational Tracking Program makes it more

24 difficult for CAIR to effectively accomplish its mission of defending the civil liberties of American

25 Muslims.

26        ///

27        ///

28

3

1    I declare under penalty of perjury under the laws of the United States of America that

2  the foregoing is true and correct. Executed on __November 1__, 2013 at Washington DC.

3

4    _____
     GADEIR ABBAS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF GADEIR ABBAS ON BEHALF FOR THE COUNCIL
ON AMERICAN-ISLAMIC RELATIONS ISO PLAINTIFFS' MSJ
CASE NO. 13-cv-3287 JSW