1  CINDY COHN (SBN 145997)           RACHAEL E. MENY (SBN 178514)
   cindy@eff.org                     rmeny@kvn.com
2  LEE TIEN (SBN 148216)             MICHAEL S. KWUN (SBN 198945)
3  KURT OPSAHL (SBN 191303)          BENJAMIN W. BERKOWITZ (SBN 244441)
   MATTHEW ZIMMERMAN (SBN 212423)    KEKER & VAN NEST, LLP
4  MARK RUMOLD (SBN 279060)          633 Battery Street
   DAVID GREENE (SBN 160107)         San Francisco, California 94111
5  JAMES S. TYRE (SBN 083117)        Tel.: (415) 391-5400; Fax: (415) 397-7188
   ELECTRONIC FRONTIER FOUNDATION
6  815 Eddy Street                   RICHARD R. WIEBE (SBN 121156)
   San Francisco, CA 94109           wiebe@pacbell.net
7  Tel.: (415) 436-9333; Fax: (415) 436-9993   LAW OFFICE OF RICHARD R. WIEBE
8                                    One California Street, Suite 900
   THOMAS E. MOORE III (SBN 115107)  San Francisco, CA 94111
9  tmoore@rroyselaw.com              Tel.: (415) 433-3200; Fax: (415) 433-6382
   ROYSE LAW FIRM, PC
10 1717 Embarcadero Road             ARAM ANTARAMIAN (SBN 239070)
   Palo Alto, CA 94303               aram@eff.org
11 Tel.: 650-813-9700; Fax: 650-813-9777   LAW OFFICE OF ARAM ANTARAMIAN
                                     1714 Blake Street
12 Attorneys for Plaintiffs          Berkeley, CA 94703
13                                   Telephone: (510) 289-1626

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                      SAN FRANCISCO DIVISION

17 FIRST UNITARIAN CHURCH OF LOS          Case No: 3:13-cv-03287 JSW
   ANGELES, *et al*.
18                                        **DECLARATION OF JENNIFER
19             Plaintiffs,                NIMER FOR THE COUNCIL ON
                                          AMERICAN-ISLAMIC RELATIONS
20      v.                                OHIO IN SUPPORT OF
                                          PLAINTIFFS' MOTION FOR
21 NATIONAL SECURITY AGENCY, *et al*.,    PARTIAL SUMMARY JUDGMENT**

22             Defendants.

23                                        Date:  February 7, 2014
                                          Time:  9:00 A.M.
24                                        Hon. Jeffrey S. White
                                          Courtroom 11 - 19th Floor
25

26

27

28 ─────────────────────────────────────────────────────────
   DECLARATION OF JENNIFER  NIMER FOR THE COUNCIL ON AMERICAN-ISLAMIC RELATIONS OHIO
                        ISO PLAINTIFFS' MSJ

I, Jennifer Nimer, hereby declare:

1.     I am the Legal Director for the Council on American Islamic Relations – Ohio ("CAIR-OHIO"). The facts contained in the following affidavit are known to me of my own personal knowledge and if called upon to testify, I could and would competently do so.

2.     CAIR-Ohio is the largest Muslim civil rights organization in Ohio. We have three active chapters in Cleveland, Columbus, and Cincinnati. We handle thousands of telephone calls per year from our community. We serve approximately 200,000 Muslims across the state of Ohio.

3.     CAIR-OHIO provides legal services to persons who are injured due to discriminatory treatment by private or governmental actors.

4.     In addition to working on cases involving discrimination, we also handle thousands of referrals and inquiries from the Muslim and interfaith communities across the state. The referrals could be seeking anything from a speaker for an interfaith panel to requests for help with a domestic violence situation, immigration issues, requests for marital or psychiatric counseling, requests for charitable assistance, drug abuse issues, juvenile legal cases, etc.

5.     In short, CAIR-Ohio is a clearing house for all things related to the Muslim community, as we are the main contact center for Muslims in Ohio. We frequently handle some of the most sensitive and personal issues in the community, issues that require a high degree of trust, confidentiality and privacy between us and our constituents.

6.     The collection of our phone records by the government has and continues to (1) inhibit CAIR-Ohio's ability to communicate with individuals seeking our help and (2) has other consequences which objectively suggest an impact on, or 'chilling' of, our organization's associational rights.

7.     I say this because of the following facts:

8.     On numerous occasions, prospective clients and current-clients have been unwilling to communicate frankly over the phone or email due to concerns of government surveillance. This has hindered my organization's ability to provide legal services and has also interfered with my organization's ability to assess whether or not to help or retain particular clients.

1

DECLARATION OF JENNIFER  NIMER FOR THE COUNCIL ON
AMERICAN-ISLAMIC RELATIONS OHIO ISO PLAINTIFFS' MSJ
CASE NO. 13-cv-3287 JSW

9.   Additionally, believing that the United States would possess records pertaining to any communication my organization makes, we have been forced to counsel clients in person rather than over the phone to avoid surveillance.

10.   And as a general matter, because many of the persons CAIR-OHIO represents are subject to tangible manifestations of federal government scrutiny - discretion and confidentiality in their communications and associations with us is of paramount importance to such persons. Knowing that the government is certainly logging communications such persons may have with CAIR-OHIO deters these persons from seeking our assistance.

11.   Thus, the Associational Tracking Program activities have harmed us because we have assumed extra burdens and have otherwise been inhibited in providing our legal services to clients who had desired the fact of their communication to us to remain secret.

12.   CAIR-OHIO's work does involve cases (some high profile) involving individuals who have been charged with aiding terrorism or have otherwise come under formal government indictment or scrutiny.

10.   It is my understanding that the government uses the Associational Tracking Program to investigate the contacts and relationships between those suspected of terrorism-related activities and crimes.

11.   It is also my understanding that, when using the Associational Tracking Program, the government often examines multiple "degrees" of relationships between individuals, or "hops" of associations. This means the government can examine the contact patterns and relationships between an individual and their contacts; their contacts' contacts; and the contacts of their contacts' contacts. I understand that these webs of associations can expand to include many thousands, if not millions, of people.

12.   By virtue of this "guilt by association" form of analysis, large swaths of the Ohio Muslim community may be subject to government scrutiny, simply by virtue of having contacted CAIR-OHIO and because of CAIR-OHIO's advocacy efforts on behalf of those wrongly accused. That is, if a CAIR-OHIO client accused or suspected by government of wrongdoing contacts us, all

1    those who contact CAIR-OHIO — including our constituents and prospective clients — are

2    accordingly put at risk of government scrutiny, solely through their shared "association" with CAIR-

3    OHIO.

4         13.    Since the disclosure of the Associational Tracking Program, we have lost the ability to

5    confidently assure Ohio Muslim community members, as well as all others who seek to communicate

6    with us, that the fact of their communications to and with us will be kept confidential.

7         14.    When the very act of communicating by phone with those we aim to serve puts our

8    constituents at risk for further government scrutiny, our organizational mission is essentially

9    undermined. The Associational Tracking Program makes it more difficult for CAIR-OHIO to

10   effectively accomplish its mission of defending the civil liberties of Muslims in Ohio.

11        15.    Our organization also sometimes works on international causes that are not necessarily

12   popular causes. For example, we have helped arrange rallies for issues related to the Palestinian cause

13   as well as actions supporting the cessation of violence in Syria. Our Cleveland Chapter organized

14   dozens of local groups to host an event in Cleveland to break the Israeli Siege of Gaza. Our Cleveland

15   Chapter also organized hundreds of protestors to rally against Israel's war against Lebanon and

16   organized hundreds of people to protest against the purchase of Israel Bonds by local officials in

17   Cuyahoga County. These actions in support of unpopular causes often go against current US foreign

18   policy and involve "countries of interest" to the US government. These actions are frequently

19   organized via telephone banking to community members. Due to the Associational Tracking

20   Program, CAIR-Ohio is now forced to reconsider whether it can subject community members to

21   government scrutiny during such telethon campaigns. As such, when the very act of communicating

22   by telephone increases the chances of scrutiny upon the communities we serve, we are forced to make

23   difficult choices about the types of activities we engage in with respect to our constituents, thus

24   forcing us to forgo certain first amendment activities.

25        16.    Additionally, if the government has an interest in the telephone toll records and

26   metadata of particular "communities of interest" in order to drill down into calling patterns of

27   particular "persons of interest" within certain "communities of interest", it is highly likely that

28

3

1   government would have an interest in the myriad associations of CAIR-OHIO, the main organization

2   that handles legal and social issues for the Ohio Muslim community. Because of the nature and

3   volume of calls we receive and make to the Ohio Muslim community, it is reasonable to believe that

4   our organization would be subjected to additional scrutiny through our telephone toll records.

5           I declare under penalty of perjury under the laws of the United States of America that

6   the foregoing is true and correct. Executed on __October 28__, 2013 at Columbus, Ohio.

7

8

9

10                                          _____

11                                          JENNIFER NIMER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DECLARATION OF JENNIFER  NIMER FOR THE COUNCIL ON
AMERICAN-ISLAMIC RELATIONS OHIO ISO PLAINTIFFS' MSJ
CASE NO. 13-cv-3287 JSW