CINDY COHN (SBN 145997)
cindy@eff.org
LEE TIEN (SBN 148216)
KURT OPSAHL (SBN 191303)
MATTHEW ZIMMERMAN (SBN 212423)
MARK RUMOLD (SBN 279060)
DAVID GREENE (SBN 160107)
JAMES S. TYRE (SBN 083117)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel.: (415) 436-9333; Fax: (415) 436-9993

THOMAS E. MOORE III (SBN 115107)
tmoore@rroyselaw.com
ROYSE LAW FIRM, PC
1717 Embarcadero Road
Palo Alto, CA 94303
Tel.: 650-813-9700; Fax: 650-813-9777

Attorneys for Plaintiffs

RACHAEL E. MENY (SBN 178514)
rmeny@kvn.com
MICHAEL S. KWUN (SBN 198945)
BENJAMIN W. BERKOWITZ (SBN 244441)
KEKER & VAN NEST, LLP
633 Battery Street
San Francisco, California 94111
Tel.: (415) 391-5400; Fax: (415) 397-7188

RICHARD R. WIEBE (SBN 121156)
wiebe@pacbell.net
LAW OFFICE OF RICHARD R. WIEBE
One California Street, Suite 900
San Francisco, CA 94111
Tel.: (415) 433-3200; Fax: (415) 433-6382

ARAM ANTARAMIAN (SBN 239070)
aram@eff.org
LAW OFFICE OF ARAM ANTARAMIAN
1714 Blake Street
Berkeley, CA 94703
Telephone: (510) 289-1626

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FIRST UNITARIAN CHURCH OF LOS ANGELES, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SECURITY AGENCY, *et al*.,<br><br>Defendants. | Case No: 3:13-cv-03287 JSW<br><br>**DECLARATION OF MATTHEW F. WOOD FOR FREE PRESS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: February 7, 2014<br>Time: 9:00 A.M.<br>Hon. Jeffrey S. White<br>Courtroom 11 - 19th Floor |

I, MATTHEW F. WOOD, hereby declare:

1. I am the Policy Director of Free Press. The facts contained in the following affidavit are known to me of my own personal knowledge and if called upon to testify, I could and would competently do so.

2. Free Press is a non-profit, advocacy organization building a nationwide movement to change media and technology policies. We work with our 625,000 activists throughout the United States and around the world to ensure that technological tools empower people and strengthen democracy rather than undermining it. We call for universal and affordable access to an open Internet, freedom of the press, and other policies that promote free communication, access to information, and individual privacy. Our advocacy depends on organizing our members and amplifying their voices in policy debates, either by gathering written petitions from them, or by facilitating their direct interaction via phone and in person with their elected representatives and other decision makers.

3. The collection of our phone records by the government has resulted in (1) harassment, membership withdrawal, and/or discouragement of new members, and (2) other consequences which objectively suggest an impact on, or "chilling" of, the members' associational rights.

4. I say this because our members who wish to speak about the Associational Tracking Program and other such government programs have conveyed to me, and to other members of our staff, their reservations and increased concern about discussing such topics in the knowledge that the same government is tracking their communications – and in the belief that speaking out against these programs could, perversely, result in additional scrutiny and monitoring of such members' communications with our organization, government officials, and our members' friends and family members.

5. The Associational Tracking Program activities have thus harmed Free Press because we have experienced a decrease in telephone communications from members and constituents who had desired the fact of their communication to our organization and to their elected representatives either to remain secret or to remain free from such tracking and monitoring.

6. Since the disclosure of the Associational Tracking Program, we have lost the ability to assure our members, as well as all others who seek to communicate with us to discuss our advocacy efforts generally as well as our specific advocacy against these programs, that the fact of their communications to and with us will be kept confidential.

7. Prior to the disclosure, we assured confidentiality to those who telephoned us. But it now appears that it was not correct to do so.

8. Moreover, the pattern of distortion and lawless conduct by the NSA, exacerbated by the intense secrecy of its activities, have left us unable to reassure our members and associates that additional forms of surveillance, as yet unconfirmed or actively denied by the government are not also occurring, leaving us with no alternative forms of confidential communication.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October __, 2013 at Washington, D.C.

_____
MATTHEW F. WOOD

6. Since the disclosure of the Associational Tracking Program, we have lost the ability to assure our members, as well as all others who seek to communicate with us to discuss our advocacy efforts generally as well as our specific advocacy against these programs, that the fact of their communications to and with us will be kept confidential.

7. Prior to the disclosure, we assured confidentiality to those who telephoned us. But it now appears that it was not correct to do so.

8. Moreover, the pattern of distortion and lawless conduct by the NSA, exacerbated by the intense secrecy of its activities, have left us unable to reassure our members and associates that additional forms of surveillance, as yet unconfirmed or actively denied by the government are not also occurring, leaving us with no alternative forms of confidential communication.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 31, 2013 at Washington, D.C.

_____
MATTHEW F. WOOD