# EXHIBIT F

TOP SECRET//SI//NOFORN

UNITED STATES

FOREIGN INTELLIGENCE SURVEILLANCE COURT

WASHINGTON, D.C.

| | |
|---|---|
| IN RE APPLICATION OF THE FEDERAL BUREAU OF INVESTIGATION FOR AN ORDER REQUIRING THE PRODUCTION OF TANGIBLE THINGS FROM VERIZON BUSINESS NETWORK SERVICES, INC. ON BEHALF OF MCI COMMUNICATION SERVICES, INC. D/B/A VERIZON BUSINESS SERVICES. | Docket Number: BR 13-80 |

## SECONDARY ORDER

This Court having found that the Application of the Federal Bureau of

Investigation (FBI) for an Order requiring the production of tangible things from

Verizon Business Network Services, Inc. on behalf of MCI Communication Services

Inc., d/b/a Verizon Business Services (individually and collectively "Verizon")

satisfies the requirements of 50 U.S.C. § 1861,

IT IS HEREBY ORDERED that, the Custodian of Records shall produce to the

National Security Agency (NSA) upon service of this Order, and continue production

TOP SECRET//SI//NOFORN

Derived from: Pleadings in the above-captioned docket
Declassify on: 12 April 2038

Declassified and Approved for Release by DNI on 07-11-2013 pursuant to E.O. 13526

TOP SECRET//SI//NOFORN

on an ongoing daily basis thereafter for the duration of this Order, unless otherwise ordered by the Court, an electronic copy of the following tangible things: all call detail records or "telephony metadata" created by Verizon for communications (i) between the United States and abroad; or (ii) wholly within the United States, including local telephone calls. This Order does not require Verizon to produce telephony metadata for communications wholly originating and terminating in foreign countries. Telephony metadata includes comprehensive communications routing information, including but not limited to session identifying information (*e.g.*, originating and terminating telephone number, International Mobile Subscriber Identity (IMSI) number, International Mobile station Equipment Identity (IMEI) number, etc.), trunk identifier, telephone calling card numbers, and time and duration of call. Telephony metadata does not include the substantive content of any communication, as defined by 18 U.S.C. § 2510(8), or the name, address, or financial information of a subscriber or customer.

IT IS FURTHER ORDERED that no person shall disclose to any other person that the FBI or NSA has sought or obtained tangible things under this Order, other than to: (a) those persons to whom disclosure is necessary to comply with such Order; (b) an attorney to obtain legal advice or assistance with respect to the production of things in response to the Order; or (c) other persons as permitted by the Director of the FBI or the Director's designee. A person to whom disclosure is made pursuant to (a), (b), or (c)

TOP SECRET//SI//NOFORN

TOP SECRET//SI//NOFORN

shall be subject to the nondisclosure requirements applicable to a person to whom an Order is directed in the same manner as such person. Anyone who discloses to a person described in (a), (b), or (c) that the FBI or NSA has sought or obtained tangible things pursuant to this Order shall notify such person of the nondisclosure requirements of this Order. At the request of the Director of the FBI or the designee of the Director, any person making or intending to make a disclosure under (a) or (c) above shall identify to the Director or such designee the person to whom such disclosure will be made or to whom such disclosure was made prior to the request.

IT IS FURTHER ORDERED that service of this Order shall be by a method agreed upon by the Custodian of Records of Verizon and the FBI, and if no agreement is reached, service shall be personal.

*-- Remainder of page intentionally left blank. --*

TOP SECRET//SI//NOFORN

TOP SECRET//SI//NOFORN

This authorization requiring the production of certain call detail records or "telephony metadata" created by Verizon expires on the __19th__ day of July, 2013, at 5:00 p.m., Eastern Time.

Signed  __04-25-2013   P02:26__  Eastern Time
        Date    Time

ROGER VINSON
Judge, United States Foreign
Intelligence Surveillance Court

TOP SECRET//SI//NOFORN

I, Beverly C. Queen, Chief Deputy Clerk, FISC, certify that this document is a true and correct copy of the original.

4