# EXHIBIT R

All redacted information exempt under (b)(1) and (b)(3) except as otherwise noted.

TOP SECRET//COMINT//ORCON,NOFORN//MR

UNITED STATES

FOREIGN INTELLIGENCE SURVEILLANCE COURT



: Docket No.: BR 08-13

SUPPLEMENTAL OPINION

This Supplemental Opinion memorializes the Court's reasons for concluding that the records to be produced pursuant to the orders issued in the above-referenced docket number are properly subject to production pursuant to 50 U.S.C.A. § 1861 (West 2003 & Supp. 2008), notwithstanding the provisions of 18 U.S.C.A. §§ 2702-2703 (West 2000 & Supp. 2008), amended by Public Law 110-401, § 501(b)(2) (2008).

As requested in the application, the Court is ordering production of telephone "call detail records or 'telephony metadata,'" which "includes comprehensive communications routing information, including but not limited to session identifying information . . ., trunk identifier, telephone calling card numbers, and time and duration of [the] calls," but "does not include the substantive content of any communication." Application at 9; Primary Order at 2. Similar productions have been ordered by judges of the Foreign Intelligence Surveillance Court ("FISC"). See Application at 17. However, this is the first application in which the government has identified the provisions of 18 U.S.C.A. §§ 2702-2703 as potentially relevant to whether such orders could properly be issued under 50 U.S.C.A. § 1861. See Application at 6-8.

Pursuant to section 1861, the government may apply to the FISC "for an order requiring the production of any tangible things (including books, records, papers, documents, and other items)." 50 U.S.C.A. § 1861(a)(1) (emphasis added). The FISC is authorized to issue the order, "as requested, or as modified," upon a finding that the application meets the requirements of that section. Id. at § 1861(c)(1). Under the rules of statutory construction, the use of the word "any" in a statute naturally connotes "an expansive meaning," extending to all members of a common set, unless Congress employed "language limiting [its] breadth." United States v. Gonzales, 520 U.S. 1, 5 (1997); accord Ali v. Federal Bureau of Prisons, 128 S. Ct. 831, 836 (2008)

TOP SECRET//COMINT//ORCON,NOFORN//MR

Page 1

TOP SECRET//COMINT//ORCON,NOFORN//MR

("Congress' use of 'any' to modify 'other law enforcement officer' is most naturally read to mean law enforcement officers of whatever kind.").[1]

However, section 2702, by its terms, describes an apparently exhaustive set of circumstances under which a telephone service provider may provide to the government non-content records pertaining to a customer or subscriber. See § 2702(a)(3) (except as provided in § 2702(c), a provider "shall not knowingly divulge a record or other [non-content] information pertaining to a subscriber or customer . . . to any governmental entity"). In complementary fashion, section 2703 describes an apparently exhaustive set of means by which the government may compel a provider to produce such records. See § 2703(c)(1) ("A governmental entity may require a provider . . . to disclose a record or other [non-content] information pertaining to a subscriber . . . or customer . . . only when the governmental entity" proceeds in one of the ways described in § 2703(c)(1)(A)-(E)) (emphasis added). Production of records pursuant to a FISC order under section 1861 is not expressly contemplated by either section 2702(c) or section 2703(c)(1)(A)-(E).

If the above-described statutory provisions are to be reconciled, they cannot all be given their full, literal effect. If section 1861 can be used to compel production of call detail records, then the prohibitions of section 2702 and 2703 must be understood to have an implicit exception for production in response to a section 1861 order. On the other hand, if sections 2702 and 2703 are understood to prohibit the use of section 1861 to compel production of call detail records, then the expansive description of tangible things obtainable under section 1861(a)(1) must be construed to exclude such records.

The apparent tension between these provisions stems from amendments enacted by Congress in the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act ("USA PATRIOT Act"), Public Law 107-56, October 26, 2001, 115 Stat. 272. Prior to the USA PATRIOT Act, only limited types of records, not

---

[1] The only express limitation on the type of tangible thing that can be subject to a section 1861 order is that the tangible thing "can be obtained with a subpoena duces tecum issued by a court of the United States in aid of a grand jury investigation or with any other order issued by a court of the United States directing the production of records or tangible things." Id. at § 1861(c)(2)(D). Call detail records satisfy this requirement, since they may be obtained by (among other means) a "court order for disclosure" under 18 U.S.C.A. § 2703(d). Section 2703(d) permits the government to obtain a court order for release of non-content records, or even in some cases of the contents of a communication, upon a demonstration of relevance to a criminal investigation.

TOP SECRET//COMINT//ORCON,NOFORN//MR

TOP SECRET//COMINT//ORCON,NOFORN//MR

including call detail records, were subject to production pursuant to FISC orders.[2] Section 215 of the USA PATRIOT Act replaced this prior language with the broad description of "any tangible thing" now codified at section 1861(a)(1). At the same time, the USA PATRIOT Act amended sections 2702 and 2703 in ways that seemingly re-affirmed that communications service providers could divulge records to the government only in specified circumstances,[3] without expressly referencing FISC orders issued under section 1861.

The government argues that section 1861(a)(3) supports its contention that section 1861(a)(1) encompasses the records sought in this case. Under section 1861(a)(3), which Congress enacted in 2006,[4] applications to the FISC for production of several categories of sensitive records, including "tax return records" and "educational records," may be made only by the Director, the Deputy Director or the Executive Assistant Director for National Security of the Federal Bureau of Investigation ("FBI"). 18 U.S.C.A. § 1861(a)(3). The disclosure of tax return records[5] and educational records[6] is specifically regulated by other federal statutes, which do not by their own terms contemplate production pursuant to a section 1861 order. Nonetheless, Congress clearly intended that such records could be obtained under a section 1861 order, as demonstrated by their inclusion in section 1861(a)(3). But, since the records of telephone service providers are not mentioned in section 1861(a)(3), this line of reasoning is not directly on point. However, it does at least demonstrate that Congress may have intended the sweeping description of tangible items obtainable under section 1861 to encompass the records of telephone service providers, even though the specific provisions of sections 2702 and 2703 were not amended in order to make that intent unmistakably clear.

---

[2] See 50 U.S.C.A. § 1862(a) (West 2000) (applying to records of transportation carriers, storage facilities, vehicle rental facilities, and public accommodation facilities).

[3] Specifically, the USA PATRIOT Act inserted the prohibition on disclosure to governmental entities now codified at 18 U.S.C.A. § 2702(a)(3), and exceptions to this prohibition now codified at 18 U.S.C.A. § 2702(c). See USA PATRIOT Act § 212(a)(1)(B)(iii) & (E). The USA PATRIOT Act also amended the text of 18 U.S.C.A. § 2703(c)(1) to state that the government may require the disclosure of such records only in circumstances specified therein. See USA PATRIOT Act § 212(b)(1)(C)(i).

[4] See Public Law 109-177 § 106(a)(2) (2006).

[5] See 26 U.S.C.A. § 6103(a) (West Supp. 2008), amended by Public Law 110-328 § 3(b)(1) (2008).

[6] See 20 U.S.C.A. § 1232g(b) (West 2000 & Supp. 2008).

TOP SECRET//COMINT//ORCON,NOFORN//MR

Page 3

~~TOP SECRET//COMINT//ORCON,NOFORN//MR~~

The Court finds more instructive a separate provision of the USA PATRIOT Act, which also pertains to governmental access to non-content records from communications service providers. Section 505(a) of the USA PATRIOT Act amended provisions, codified at 18 U.S.C.A. § 2709 (West 2000 & Supp. 2008), enabling the FBI, <u>without prior judicial review</u>, to compel a telephone service provider to produce "subscriber information and toll billing records information." 18 U.S.C.A. § 2709(a).[7] Most pertinently, section 505(a)(3)(B) of the USA PATRIOT Act lowered the predicate required for obtaining such information to a certification submitted by designated FBI officials asserting its relevance to an authorized foreign intelligence investigation.[8]

Indisputably, section 2709 provides a means for the government to obtain non-content information in a manner consistent with the text of sections 2702-2703.[9] Yet section 2709 merely requires <u>an FBI official</u> to provide a certification of relevance. In comparison, section 1861 requires the government to provide to the FISC a "statement of facts showing that there are reasonable grounds to believe that the tangible things sought are relevant" to a foreign intelligence investigation,[10] and the FISC to determine that the application satisfies this

---

[7] This process involves service of a type of administrative subpoena, commonly known as a "national security letter." David S. Kris & J. Douglas Wilson, <u>National Security Investigations and Prosecutions</u> § 19:2 (2007).

[8] Specifically, a designated FBI official must certify that the information or records sought are "relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities, provided that such an investigation of a United States person is not conducted solely upon the basis of activities protected by the first amendment to the Constitution of the United States." 18 U.S.C.A. § 2709(b)(1)-(2) (West Supp. 2008). Prior to the USA PATRIOT Act, the required predicate for obtaining "local and long distance toll billing records of a person or entity" was "specific and articulable facts giving reason to believe that the person or entity . . . is a foreign power or an agent of a foreign power." <u>See</u> 18 U.S.C.A. § 2709(b)(1)(B) (West 2000).

[9] Section 2703(c)(2) permits the government to use "an administrative subpoena" to obtain certain categories of non-content information from a provider, and section 2709 concerns use of an administrative subpoena. <u>See</u> note 7 <u>supra</u>.

[10] 50 U.S.C.A. § 1861(b)(2)(A). More precisely, the investigation must be "an authorized investigation (other than a threat assessment) . . . to obtain foreign intelligence information not concerning a United States person or to protect against international terrorism or clandestine intelligence activities," <u>id.</u>, "provided that such investigation of a United States

(continued...)

~~TOP SECRET//COMINT//ORCON,NOFORN//MR~~

~~TOP SECRET//COMINT//ORCON,NOFORN//MR~~

requirement, see 50 U.S.C.A. § 1861(c)(1), before records are ordered produced. It would have been anomalous for Congress, in enacting the USA PATRIOT Act, to have deemed the FBI's application of a "relevance" standard, without prior judicial review, sufficient to obtain records subject to sections 2702-2703, but to have deemed the FISC's application of a closely similar "relevance" standard insufficient for the same purpose. This anomaly is avoided by interpreting sections 2702-2703 as implicitly permitting the production of records pursuant to a FISC order issued under section 1861.

It is the Court's responsibility to attempt to interpret a statute "as a symmetrical and coherent regulatory scheme, and fit, if possible, all parts into an harmonious whole." Food & Drug Admin. v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 133 (2000) (internal quotations and citations omitted). For the foregoing reasons, the Court is persuaded that this objective is better served by the interpretation that the records sought in this case are obtainable pursuant to a section 1861 order.

However, to the extent that any ambiguity may remain, it should be noted that the legislative history of the USA PATRIOT Act is consistent with this expansive interpretation of section 1861(a)(1). See 147 Cong. Rec. 20,703 (2001) (statement of Sen. Feingold) (section 215 of USA PATRIOT Act "permits the Government . . . to compel the production of records from any business regarding any person if that information is sought in connection with an investigation of terrorism or espionage;" "all business records can be compelled, including those containing sensitive personal information, such as medical records from hospitals or doctors, or educational records, or records of what books somebody has taken out from the library") (emphasis added). In this regard, it is significant that Senator Feingold introduced an amendment to limit the scope of section 1861 orders to records "not protected by any Federal or State law governing access to the records for intelligence or law enforcement purposes," but this limitation was not adopted. See 147 Cong. Rec. 19,530 (2001).

ENTERED this 12th day of December, 2008, regarding Docket No. BR 08-13.

*[signature]*
REGGIE B. WALTON
Judge, United States Foreign
Intelligence Surveillance Court

---

[10](...continued)
person is not conducted solely upon the basis of activities protected by the first amendment to the Constitution." Id. § 1861(a)(1). The application must also include minimization procedures in conformance with statutory requirements, which must also be reviewed by the FISC. Id. § 1861(b)(2)(B), (c)(1), & (g).

~~TOP SECRET//COMINT//ORCON,NOFORN//MR~~