| | |
|---|---|
| CINDY COHN (SBN 145997) <br> cindy@eff.org <br> LEE TIEN (SBN 148216) <br> KURT OPSAHL (SBN 191303) <br> MATTHEW ZIMMERMAN (SBN 212423) <br> MARK RUMOLD (SBN 279060) <br> DAVID GREENE (SBN 160107) <br> JAMES S. TYRE (SBN 083117) <br> ELECTRONIC FRONTIER FOUNDATION <br> 815 Eddy Street <br> San Francisco, CA 94109 <br> Tel.: (415) 436-9333; Fax: (415) 436-9993 <br><br> THOMAS E. MOORE III (SBN 115107) <br> tmoore@rroyselaw.com <br> ROYSE LAW FIRM, PC <br> 1717 Embarcadero Road <br> Palo Alto, CA 94303 <br> Tel.: 650-813-9700; Fax: 650-813-9777 <br><br> *Counsel for Plaintiffs* | RACHAEL E. MENY (SBN 178514) <br> rmeny@kvn.com <br> MICHAEL S. KWUN (SBN 198945) <br> BENJAMIN W. BERKOWITZ (SBN 244441) <br> KEKER & VAN NEST, LLP <br> 633 Battery Street <br> San Francisco, California 94111 <br> Tel.: (415) 391-5400; Fax: (415) 397-7188 <br><br> RICHARD R. WIEBE (SBN 121156) <br> wiebe@pacbell.net <br> LAW OFFICE OF RICHARD R. WIEBE <br> One California Street, Suite 900 <br> San Francisco, CA 94111 <br> Tel.: (415) 433-3200; Fax: (415) 433-6382 <br><br> ARAM ANTARAMIAN (SBN 239070) <br> aram@eff.org <br> LAW OFFICE OF ARAM ANTARAMIAN <br> 1714 Blake Street <br> Berkeley, CA 94703 <br> Tel.: (510) 289-1626 |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FIRST UNITARIAN CHURCH OF LOS ANGELES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL SECURITY AGENCY, *et al.*, <br><br> Defendants. | Case No: 3:13-cv-03287 JSW <br><br> **PLAINTIFFS' NOTICE OF EX PARTE MOTION AND EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER TO PREVENT THE GOVERNMENT FROM DESTROYING EVIDENCE** <br><br> Date: March 10, 2014 <br> Time: 1:30 p.m. <br> Courtroom 11, 19th Floor <br> The Honorable Jeffrey S. White |

**IMMEDIATE RELIEF REQUESTED**
**CRITICAL DATE: TUESDAY MORNING, MARCH 11, 2014**

PLAINTIFFS' EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER TO PREVENT THE
GOVERNMENT FROM DESTROYING EVIDENCE

**NOTICE OF EX PARTE MOTION**

PLEASE TAKE NOTICE that on Monday, March 10, 2014 at 1:30 p.m., or as soon thereafter as they may be heard by the Court at Courtroom 11, 19th Floor, 450 Golden Gate Ave., San Francisco, CA, plaintiffs will move ex parte for a temporary restraining order and, after a hearing has been held, an order prohibiting, enjoining, and restraining defendants National Security Agency, United States of America, Department of Justice, Barack H. Obama, Keith B. Alexander, Eric H. Holder, Jr., and James R. Clapper, Jr. (in their official capacities) (collectively, the "government defendants") and all those acting in concert with them from destroying any evidence relevant to the claims at issue in this action, including but not limited to prohibiting the destruction of any telephone metadata or "call detail" records.

Notice of this motion has been given to opposing counsel. Attached to the Cohn Declaration filed herewith as Exhibit E are email exchanges between parties' counsel between on February 26, 2014, and this morning, March 10, 2014, in which plaintiffs have consistently stated their intentions to seek relief from this court unless the government clarifies its intention to preserve all relevant evidence in the two cases consistent with its obligations in both cases and the preservation order in *Jewel v. NSA* that reaches the same telephonic records at issue in *First Unitarian Church v. NSA*.

This matter became an emergency matter because on Friday, March 7, based on a mistaken belief that no preservation order existed for the material at issue, and without consultation with plaintiff or this Court, the FISC denied the government's motion to be allowed to preserve the telephone records it had collected. Late Friday, the government served notice in the *First Unitarian* case that it intended to begin destroying the records.

**REASONS WHY RELIEF SHOULD BE GRANTED**

The government defendants have given notice that they plan to begin destroying telephone metadata ("call detail record") evidence relevant to this lawsuit tomorrow, **Tuesday Morning, March 11, 2014**. ECF No. 85 in *First Unitarian v. NSA*, No. 13-cv-3287-JSW. Plaintiffs respectfully request that the Court **today** issue an immediate temporary restraining order to prevent the destruction of evidence before the Court has an opportunity to determine whether destruction of

1

this evidence is contrary to the Court's November 16, 2009 evidence preservation order (ECF No. 51) or otherwise contrary to the government defendants' discovery obligations.

The purpose of a TRO is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). This is exactly what is needed here.

There has been litigation challenging the lawfulness of the government's telephone metadata collection activity, Internet metadata collection activity, and upstream collection activity pending in the Northern District of California continuously since 2006. The government has been under evidence preservation orders in those lawsuits continuously since 2007.

The first-filed case was *Hepting v. AT&T*, No. 06-cv-0672 (N.D. Cal). It became the lead case in the MDL proceeding in this district, *In Re: National Security Agency Telecommunications Records Litigation,* MDL No. 06-cv-1791-VRW (N.D. Cal). On November 6, 2007, this Court entered an evidence preservation order in the MDL proceeding. ECF No. 393 in MDL No. 06-cv-1791-VRW. One of the MDL cases, *Virginia Shubert, et al., v. Barack Obama, et al*. No. 07-cv-0603-JSW (N.D. Cal.), remains in litigation today before this Court, and the MDL preservation order remains in effect today as to that case.

In 2008, movants filed this action—*Jewel v. NSA*—and this Court related it to the *Hepting* action. This Court entered an evidence preservation order in *Jewel*. ECF No. 51. The *Jewel* evidence preservation order remains in effect as of today.

The government has never sought to seek clarification of its preservation obligations regarding telephone metadata records from this Court or raised the issue with plaintiffs. Instead, the government defendants chose to raise the issue of preservation of telephone metadata records in an ex parte proceeding before the Foreign Intelligence Surveillance Court, without any notice to plaintiffs and without mentioning its obligations with regard to the same telephone records in *Jewel v. NSA* and *Shubert v. Obama*. Plaintiffs learned of the government's motion by reading the news media, and asked counsel for the government defendants to explain why they had not told the FISC about the *Jewel* evidence preservation order. *See* Cohn Decl, Exh. E.

2

PLAINTIFFS' EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER TO PREVENT THE GOVERNMENT FROM DESTROYING EVIDENCE CASE NO. 13-cv-3287 JSW

Indeed, the government is aware and has acknowledged that destruction of the information in question may conflict with the preservation orders issued in this and related cases: "While the Court's Primary Order requires destruction of the BR metadata no longer than five years (60 months) after its initial collection, such destruction could be inconsistent with the Government's preservation obligations in connection with civil litigation pending against it. Accordingly, to avoid the destruction of the BR metadata, the Government seeks an amendment to the Court's Primary Order that would allow the NSA to preserve and/or store the BR metadata for non-analytic purposes until relieved of its preservation obligations, or until further order of this Court under the conditions described below." Government's Motion for Second Amendment to Primary Order, FISC No. BR 14-01 (February 25, 2014). Although the government's motion in the FISC did not discuss the preservation order in Jewel, this preservation order includes *the same* records at issue in *First Unitarian*.

## LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER

"A plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7 (2008)).

### A.     Likelihood of Success

The Jewel preservation order required the Government to "preserve evidence that may be relevant to this action." The Jewel complaint alleged unlawful and unconstitutional acquisition of call-detail records, including the "call-detail records collected under the National Security Agency (NSA) bulk telephony metadata program" that the Government proposed to destroy.

Plaintiffs sought, among other relief, an injunction "requiring Defendants to provide to Plaintiffs and the class an inventory of their communications, records, or other information that was seized in violation of the Fourth Amendment." Complaint, Prayer for Relief. This would be impossible if the records are destroyed. While the Plaintiff ultimately want the call-detail records

3

PLAINTIFFS' EX PARTE MOTION FOR A TEMPORARY RESTRAINING
ORDER TO PREVENT THE GOVERNMENT FROM DESTROYING
EVIDENCE CASE NO. 13-cv-3287 JSW

destroyed at the conclusion of the case, there is no doubt the call-records "may be relevant" in the interim.

The Jewel order also required the Government to cease "destruction, recycling, relocation, or mutation of such materials." Thus, the proposed destruction would be in direct violation of the Jewel preservation order.

**B.     Irreparable Harm**

If the government proceeds with its planned destruction of evidence, the evidence will be gone. This is by definition irreparable.

**C.     Balance of Equities**

While the Government contends it is required by the FISC to destroy the records immediately, the FISC order belies this assertion. The FISC denied the government's motion without prejudice to bringing another motion with additional facts and the FISC plainly was not informed of the preservation order in Jewel or even of its existence. The FISC clearly contemplated that the evidence destruction could wait while the government prepared and filed another motion, and continue until the Court considered and ruled on the motion.

**D.     Public Interest**

These records are both an affront to the rights of millions of Americans and proof of their violation. Plaintiffs have no objection to severe restrictions on the Government's right to access and use the information, which will address the public interest in the documents being destroyed. However, it remains in the public interest to wait a short period of time before taking action, so that the fate of the documents can be addressed in an orderly fashion.

The necessity for this ex parte application could have been easily avoided had the government defendants followed the discovery and evidence preservation practices customary in this District. They could have, but did not, raised the issue of preserving telephone metadata records in the CMC statement meet-and-confer process in September 2013 (three months after the government defendants publicly acknowledged the phone records program), or at the Case Management Conference itself on September 27, 2013. They could have, but did not, raised this issue in the CMC

4

PLAINTIFFS' EX PARTE MOTION FOR A TEMPORARY RESTRAINING
ORDER TO PREVENT THE GOVERNMENT FROM DESTROYING
EVIDENCE CASE NO. 13-cv-3287 JSW

statement meet-and-confer process in the related *First Unitarian* action during October 2013, or at the *First Unitarian* Case Management Conference itself on November 8, 2013.

Thereafter, at any point between November 8 and now the government defendants could have raised the issue with plaintiffs by the meet-and-confer process, but they did not. They could have sought a further Case Management Conference before the Court or proceeded to raise the issue by noticed motion. Any of these manifold alternatives would have permitted the Court and the parties to address the issue in an orderly manner. By failing to pursue any of these alternatives, the government has made a temporary restraining order essential. Plaintiffs believe that no security is necessary under the circumstances. Plaintiffs respectfully request that the Court issue the order pending further proceedings on this issue.

DATED: March 10, 2014              Respectfully submitted,

                                                                          /s/ Cindy Cohn
CINDY COHN
LEE TIEN
KURT OPSAHL
MATTHEW ZIMMERMAN
MARK RUMOLD
DAVID GREENE
JAMES S. TYRE
ELECTRONIC FRONTIER FOUNDATION

RICHARD R. WIEBE
LAW OFFICE OF RICHARD R. WIEBE

THOMAS E. MOORE III
ROYSE LAW FIRM, PC

RACHAEL E. MENY
MICHAEL S. KWUN
BENJAMIN W. BERKOWITZ
KEKER & VAN NEST, LLP

ARAM ANTARAMIAN
LAW OFFICE OF ARAM ANTARAMIAN

*Counsel for Plaintiffs*