IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST UNITARIAN CHURCH OF LOS ANGELES, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NATIONAL SECURITY AGENCY, ET AL.,<br><br>　　　　Defendants. | No. C 13-03287 JSW |
| CAROLYN JEWEL, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NATIONAL SECURITY AGENCY, ET AL.,<br><br>　　　　Defendants. | No. C 08-04373 JSW |
| VIRGINIA SHUBERT, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BARACK OBAMA, ET AL.,<br><br>　　　　Defendants.　　　　　　　／ | No. C 07-00693 JSW |

**NOTICE OF QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 19, 2014 AT 2:00 P.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to submit copies as soon as possible directly to chambers and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall address the following questions:

1. Assuming without deciding that the preservation order in *Jewel* does not cover the retention or destruction of materials subject to orders of the Foreign Intelligence Surveillance Court ("FISC"), what is the fundamental difference in the position of the Government now on the argument that materials subject to FISC orders are not similarly subject to preservation for discovery to Plaintiffs in *First Unitarian Church*? Having made many of the same arguments which failed to persuade the Court when it issued the preservation order in the MDL and in *Jewel*, why should the Court be persuaded now that the content of the materials allegedly collected under FISC supervision (and clearly subject to the claims in *First Unitarian*) should be subject to different preservation treatment than the material allegedly collected under Presidential directive (and clearly subject to the claims in *Jewel*)?

2. Must the Court determine the intended scope of the allegations in the *Jewel* Complaint and the resulting preservation order in that matter or may it issue a similar preservation order in *First Unitarian Church* and proceed accordingly? Should the Court revisit, in a separate proceeding, the issue of whether the *Jewel* preservation order covered the currently disputed FISC-related materials with regard to the Plaintiffs' contention that the Government has failed its retention obligations?

3. With regard to the NSA's retention policy:

   a. According to the Government's now partially unclassified submission filed in conjunction with the preservation proceedings before the MDL matter, "NSA's operational policy is to continue to migrate telephony metadata beyond five years old from an online database to tapes for preservation." (*See* Exhibit A to Government's Opposition at ¶ 25; *see also* Exhibit B at 9.) Has NSA retention policy changed since those submissions from October 2007?

2

      b.      The Government's most recent submission indicates that "the NSA intended to preserve and/or store the data that would otherwise be destroyed in a format that precludes any access or use by NSA intelligence analysts for any purpose." (*See* Exhibit C to Response, Declaration of Teresa H. Shea at ¶ 4.) Is there any reason to treat the materials clearly made relevant in the *First Unitarian Church* matter differently from the potentially discoverable material covered by the retention order in *Jewel*?

4. As the Government argued before the FISC in February and acknowledged before this Court in its joint case management conference statement, what is the scope of the Government's obligation to preserve relevant evidence under Federal Rules of Civil Procedure 26, 45 and 56(e), regardless of any preservation order?

5. The Court is persuaded that a targeted retention policy with regard to materials possibly collected pertaining specifically and only to the named Plaintiffs is untenable. The alternative addressed by the Government is the mass retention of all raw data possibly collected by the NSA under the challenged programs. According to both the public and classified declarations of the Director of the Signals Intelligence Directorate at the NSA, this mass data retention would negatively interfere with the NSA's current mission.

      a.      Is there some lesser quantum of materials that would satisfy the requirement to preserve evidence relevant to provide possible support for Plaintiffs' claims? For instance, can the Government satisfy its obligation to preserve evidence by retaining evidence of the challenged surveillance programs and their breadth without retaining all the actual, collected raw data incident to the programs' implementation?

      b.      Should the Court find there is no lesser definable quantum of evidence subject to retention, is the scope of Plaintiffs' request reflected in the first paragraph of their proposed order together with the added sentences from the Plaintiffs' reply? Does the Government object to the language from the proposed order at ¶ 1 and Plaintiffs' reply at 4:26-5:1?

      c.      What is the Government's response to Plaintiffs' suggestion that the Government admit or deny that Plaintiffs' telephone records have been collected and for how long?

6. Does the Government object to the insertion of the third paragraph in Plaintiffs' proposed order regarding the FISC's imposed restriction concerning that court's required authorization of any review or use of records for intelligence-gathering or any other non-litigation related purposes?

7. The preservation order in *Jewel* requires that counsel submit to the Court under seal and pursuant to Federal Rule of Civil Procedure 11, a statement that the Court's preservation directive has been carried out. Does the Government's recent and partially declassified submissions regarding its preservation protocol under the *Jewel* preservation order satisfy this requirement? Does the Government object to this same provision in any preservation order issued in *First Unitarian Church*?

///

///

///

3

8.  Do the parties have anything further they wish to address?

    **IT IS SO ORDERED.**

Dated: March 18, 2014

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE