1  CINDY COHN (SBN 145997)
   cindy@eff.org
2  LEE TIEN (SBN 148216)
   KURT OPSAHL (SBN 191303)
3  JAMES S. TYRE (SBN 083117)
   DAVID GREENE (SBN 160107)
4  MARK RUMOLD (SBN 279060)
   ANDREW CROCKER (SBN 291596)
5  ELECTRONIC FRONTIER FOUNDATION
   815 Eddy Street
6  San Francisco, CA  94109
   Telephone:  (415) 436-9333
7  Fax:  (415) 436-9993

8  RICHARD R. WIEBE (SBN 121156)
   wiebe@pacbell.net
9  LAW OFFICE OF RICHARD R. WIEBE
   One California Street, Suite 900
10 San Francisco, CA 94111
   Telephone:  (415) 433-3200
11 Fax:  (415) 433-6382

RACHAEL E. MENY (SBN 178514)
rmeny@kvn.com
PAULA L. BLIZZARD (SBN 207920)
MICHAEL S. KWUN (SBN 198945)
AUDREY WALTON-HADLOCK (SBN 250574)
BENJAMIN W. BERKOWITZ (SBN 244441)
JUSTINA K. SESSIONS (SBN 270914)
KEKER & VAN NEST, LLP
633 Battery Street
San Francisco, CA  94111
Telephone:  (415) 391-5400
Fax:  (415) 397-7188

THOMAS E. MOORE III (SBN 115107)
tmoore@rroyselaw.com
ROYSE LAW FIRM, PC
1717 Embarcadero Road
Palo Alto, CA 94303
Telephone:  (650) 813-9700
Fax:  (650) 813-9777

ARAM ANTARAMIAN (SBN 239070)
aram@eff.org
LAW OFFICE OF ARAM ANTARAMIAN
1714 Blake Street
Berkeley, CA 94703
Telephone:  (510) 289-1626

*Counsel for Plaintiffs*

15

16            **UNITED STATES DISTRICT COURT**

17        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 18  FIRST UNITARIAN CHURCH OF LOS ANGELES, *et al.*, | )  Case No. 13-cv-3287-JSW )|
| 19 | ) ) |
| 20                              Plaintiffs, | )  **[PROPOSED] PRESERVATION ORDER** |
|                v. | )  **PER COURT REQUEST OF MARCH 19,** |
| 21 | )  **2014** |
|    NATIONAL SECURITY AGENCY, *et al.*, | ) |
| 22                              Defendants. | )  Date:  March 19, 2014 |
| | )  Time:  2:00 p.m. |
| 23 | )  Hon. Jeffrey S. White |
| | )  Courtroom 11 - 19th Floor |
| 24 | ) |

25

26

27

28

Case No. 13-cv-3287-JSW

1    The Court enters the following evidence preservation order:

2    A.    The Court reminds all parties of their duty to preserve evidence that may be relevant

3    to this action.  The duty extends to documents, data and tangible things in the possession, custody

4    and control of the parties to this action, and any employees, agents, contractors, carriers, bailees or

5    other non-parties who possess materials reasonably anticipated to be subject to discovery in this

6    action.  Counsel are under an obligation to exercise efforts to identify and notify such non-parties,

7    including employees of corporate or institutional parties.

8    B.    "Documents, data and tangible things" is to be interpreted broadly to include

9    writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic

10   messages, voicemail, e-mail, telephone message records or logs, computer and network activity

11   logs, hard drives, backup data, removable computer storage media such as tapes, disks and cards,

12   printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers,

13   journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries,

14   compilations, computations, charts, diagrams, graphic presentations, drawings, films, digital or

15   chemical process photographs, video, phonographic, tape or digital recordings or transcripts

16   thereof, drafts, jottings and notes. Information that serves to identify, locate, or link such material,

17   such as file inventories, file folders, indices and metadata, is also included in this definition.

18   C.    "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the

19   integrity of all documents, data and tangible things reasonably anticipated to be subject to

20   discovery under FRCP 26, 45 and 56(e) in this action. Preservation includes taking reasonable

21   steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration,

22   wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional

23   handling that would make material incomplete or inaccessible.

24   D.    This order extends to information potentially relevant to or reasonably anticipated to

25   be subject to discovery under the currently operative Complaint in this case (ECF No. 9) and any

26   subsequent amended complaints. For the purposes of clarity, the key allegations of the current

27   complaint with regard to evidence preservation are:

28

3.      This lawsuit challenges an illegal and unconstitutional program of dragnet electronic surveillance, specifically the bulk acquisition, seizure, collection, storage, retention, and searching of telephone communications information (the "Associational Tracking Program") conducted by the National Security Agency (NSA) and the other defendants (collectively, "Defendants").

5.      The communications information that Defendants collect in the Associational Tracking Program is retained and stored by Defendants in one or more databases. The Program collects information concerning all calls wholly within the United States, including local telephone calls, as well as all calls between the United States and abroad, regardless of a connection to international terrorism, reasonable suspicion of criminality, or any other form of wrongdoing. This information is stored for at least five years. Defendants have indiscriminately obtained, and stored the telephone communications information of millions of ordinary Americans as part of the Associational Tracking Program.

53.      The Associational Tracking Program is electronic surveillance that collects and acquires telephone communications information for all telephone calls transiting the networks of all major American telecommunication companies, including Verizon, AT&T, and Sprint. Every day, the Associational Tracking Program collects information about millions of telephone calls made by millions of Americans. This includes information about all calls made wholly within the United States, including local telephone calls, as well as communications between the United States and abroad.

55.      Beginning in 2001, participating phone companies voluntarily provided telephone communications information for the Associational Tracking program to Defendants. Since 2006, the FISC, at the request of Defendants, has issued orders under 50 U.S.C. § 1861 purporting to compel the production of communications information, including communications information not yet in existence, on an ongoing basis, as part of the Associational Tracking Program.

60.      The telephone communications information Defendants seize, collect and acquire in bulk as part of the Associational Tracking Program is retained and stored by Defendants in one or more databases . . . information of millions of ordinary Americans, including Plaintiffs, their members, and staffs, as part of the Associational Tracking Program.

66.      Defendants' bulk seizure, collection, acquisition, and retention of the telephone communications information of Plaintiffs, their members, and their staffs is done without lawful authorization, probable cause, and/or individualized suspicion. It is done in violation of statutory and constitutional limitations and in excess of statutory and constitutional authority. Any judicial, administrative, or executive authorization (including any order issued pursuant to the business records provision of 50 U.S.C. § 1861) of the Associational Tracking Program or of the acquisition and

retention of the communications information of Plaintiffs, their members, and their staffs is unlawful and invalid.

73.     Defendants' searching of the telephone communications information of Plaintiffs is done without lawful authorization, probable cause, and/or individualized suspicion. It is done in violation of statutory and constitutional limitations and in excess of statutory and constitutional authority. Any judicial, administrative, or executive authorization (including any business records order issued pursuant 50 U.S.C. § 1861) of the Associational Tracking Program or of the searching of the communications information of Plaintiffs is unlawful and invalid.

Pursuant to the above-referenced allegations, this Order extends to documents, data and tangible things at issue without regard to when the government created or acquired them after 2001 or the legal authority under which the government created or acquired them, whether under orders of the Foreign Intelligence Surveillance Court or otherwise. The order includes, but is not limited to, the telephone records at issue in the government's notice to the Court in March 2014 (*see, e.g.*, ECF No. 95 in 13-cv-3287-JSW) and all similar records.

E.     Counsel are directed to inquire of their respective clients if the business or government practices of any party involve the routine destruction, recycling, relocation, or mutation of such materials and, if so, direct the party, to the extent practicable for the pendency of this order, either to

(1)     halt such business or government practices;

(2)     sequester or remove such material from the business or government practices; or

(3)     arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

**IT IS SO ORDERED.**

Dated:  _____          _____

                                                    Honorable Jeffrey S. White
                                                    United States District Court Judge