STUART F. DELERY
Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Deputy Branch Director
JAMES J. GILLIGAN
Special Litigation Counsel
james.gilligan@usdoj.gov
MARCIA BERMAN
Senior Trial Counsel
marcia.berman@usdoj.gov
BRYAN DEARINGER
Trial Attorney
RODNEY PATTON
Trial Attorney
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, NW, Rm. 7132
Washington, D.C. 20001
Phone: (202) 514-3358; Fax: (202) 616-8470

*Attorneys for the Government Defs. in their Official Capacity*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FIRST UNITARIAN CHURCH OF LOS ANGELES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SECURITY AGENCY, *et al.*,<br><br>Defendants. | Case No. 3:13-cv-03287-JSW<br><br>**NOTICE OF FILING OF GOVERNMENT DEFENDANTS' PROPOSED PRESERVATION ORDER** |

Pursuant to the Court's instructions at the conclusion of the March 19, 2014 hearing on preservation issues in this case, the Government Defendants respectfully submit this proposed order regarding preservation of potentially relevant evidence. As discussed in the Government's Response to Plaintiffs' Opening Brief Re: Preservation (ECF No. 92) at 34-35, and during the hearing, the Government does not object to the entry of a preservation order in this case patterned on the preservation order issued in *Jewel v. NSA*, Case No. 08-cv-4373 (ECF No. 51), so long as the Government's obligations regarding preservation of telephony metadata collected

1   pursuant to Section 215 of the USA PATRIOT Act, Pub L. No. 107-56 (2001), and in particular

2   such telephony metadata that is more than five years old, are made clear.  The Government

3   further reiterates that if the Court determines that the value to this litigation of such telephony

4   metadata that is more than five years old outweighs the burdens of retaining it, and orders the

5   National Security Agency (NSA) to retain telephony metadata beyond the five-year retention

6   limit imposed by orders of the Foreign Intelligence Surveillance Court (FISC), the Government

7   will seek leave from the FISC to preserve those records.  Obtaining such leave remains necessary

8   because the FISC's March 12, 2014 order only temporarily granted the Government leave to

9   retain these data, pending resolution of the preservation issue before this Court.  Mar. 12, 2014

10  FISC Order (Exh. A to Plaintiffs' Opening Brief re Evidence Preservation (ECF No. 90)).  The

11  Government will, of course, abide by the courts' ultimate determination of its preservation

12  obligations.

13

14  Dated:  March 20, 2014                         Respectfully Submitted,

15                                                 STUART F. DELERY
                                                   Assistant Attorney General
16
17                                                 JOSEPH H. HUNT
                                                   Director, Federal Programs Branch
18
19                                                 ANTHONY J. COPPOLINO
                                                   Deputy Branch Director
20                                                 tony.coppolino@usdoj.gov

21                                                 MARCIA BERMAN
                                                   Senior Trial Counsel
22
23                                                 BRYAN DEARINGER
                                                   Trial Attorney
24
25                                                 RODNEY PATTON
                                                   Trial Attorney
26

27

28

Notice of Filing of Gvt. Defs.' Proposed Preservation Order (3:13-cv-03287-JSW)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: _/s/ James J. Gilligan_
JAMES J. GILLIGAN
Special Litigation Counsel
james.gilligan@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-3358
Fax: (202) 616-8470

*Attorneys for the Government Defendants
Sued in their Official Capacities*

STUART F. DELERY
Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Deputy Branch Director
JAMES J. GILLIGAN
Special Litigation Counsel
james.gilligan@usdoj.gov
MARCIA BERMAN
Senior Trial Counsel
marcia.berman@usdoj.gov
BRYAN DEARINGER
Trial Attorney
RODNEY PATTON
Trial Attorney
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-3358; Fax: (202) 616-8470

*Attorneys for the Government Defs. in their Official Capacity*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| FIRST UNITARIAN CHURCH OF LOS ANGELES, *et al.*, | Case No. 3:13-cv-03287-JSW |
| Plaintiffs, | The Honorable Jeffrey S. White |
| v. | |
| NATIONAL SECURITY AGENCY, *et al.*, | |
| Defendants. | |

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Opening Brief Re: Evidence Preservation (ECF No. 90), the Government Defendants' Response to Plaintiffs' Opening Brief Re: Preservation (ECF No. 92, the *ex parte, in camera* submission made by the Government Defendants (ECF No. 93), Plaintiffs' Reply Brief Re Evidence Preservation (ECF No. 95), and the oral presentations made by both parties before me on March 19, 2014, the Court hereby ENTERS the following order:

1

A.     The Court reminds all parties of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel are under an obligation to exercise efforts to identify and notify such non-parties, including employees of corporate or institutional parties.

B.     "Documents, data and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voicemail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, disks and cards, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices and metadata, is also included in this definition.

C.     "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data and tangible things reasonably anticipated to be subject to discovery under FRCP 26, 45 and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

D.     The scope of this preservation order reaches to documents, data and tangible things relating to the Government Defendants' collection of bulk telephony metadata pursuant to the orders of the Foreign Intelligence Surveillance Court (FISC) under the authority of 50 U.S.C. § 1861 (Section 215 program), which began in May 2006.  For purposes of clarity, the key allegations with regard to evidence preservation may be found in paragraphs three and four of

2

1    Plaintiffs' First Amended Complaint (ECF No. 9), in which Plaintiffs "challenge[]" what they

2    call "an illegal and unconstitutional program of dragnet electronic surveillance, specifically the

3    bulk acquisition, seizure, collection, storage, retention, and searching of telephone

4    communications information (the 'Associational Tracking Program') conducted by the National

5    Security Agency (NSA) and the other defendants (collectively, 'Defendants')", pursuant to

6    which the NSA allegedly "collects telephone communications information for all telephone calls

7    transiting the networks of all major American telecommunication companies, including Verizon,

8    AT&T, and Sprint, ostensibly under the authority of section 215 of the USA PATRIOT Act,

9    codified at 50 U.S.C. § 1861." *Id.* ¶¶ 3, 4; *see also id.* ¶¶ 52, 55, 56, 66, 73, 93-97, 103-05, 107-

10   08; ECF Nos. 24, 66, 72, 81 (dispositive motions briefing in which the Government Defendants,

11   without objection by Plaintiffs, characterized and briefed this action as a "challenge [to] the

12   NSA's collection, under a provision of the Foreign Intelligence Surveillance Act (FISA) known

13   as Section 215, of bulk 'telephony metadata' . . . ." ECF No. 66, at 1.

14           E.      Whereas at all times under the current operation of the program the NSA will

15   retain up to five years' worth of telephony metadata collected pursuant to Section 215, and

16   pursuant to this order must preserve relevant documents, records, and information about the

17   operation of the Section 215 program, including Secondary Orders issued to telecommunications

18   carriers, that may be relevant to the issue of Plaintiffs' standing, this preservation order does not

19   require the Government Defendants to maintain telephony metadata as defined in the FISC

20   orders that periodically reauthorize the Section 215 Program that the NSA would otherwise

21   destroy in order to comply with the minimization requirements set forth in such  FISC orders.

22           F.      Counsel are directed to inquire of their respective clients about materials, within

23   the scope of this preservation order as set forth above, if the business or government practices of

24   any party involve the routine destruction, recycling, relocation, or mutation of such materials

25   and, if so, direct the party, to the extent practicable for the pendency of this order, to:

26           (1) halt such business or government practices;

27           (2) sequester or remove such material from the business or government practices; or

28

3

1    (3) arrange for the preservation of complete and accurate duplicates or copies of    such

2   material, suitable for later discovery if requested.

3    Counsel representing each party shall, not later than April 21, 2014, submit to the Court

4   under seal and pursuant to FRCP 11, a statement that the directive in paragraph F, above, has

5   been carried out.

6    G.    The Government Defendants shall notify the Court *ex parte, in camera*, if

7   necessary, of any material changes to the operation of the Section 215 program that would

8   reduce materially the scope of metadata collected or retained by the NSA pursuant to the

9   operation of that program, so that this Court may address the necessity of modifying this order in

10   light of such changes.

11    IT IS SO ORDERED.

12

13   Dated:   _____, 2014.    _____

The Honorable Jeffrey S. White
14                                    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28