IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FIRST UNITARIAN CHURCH OF LOS ANGELES, ET AL.,

    Plaintiffs,

v.

NATIONAL SECURITY AGENCY, ET AL.,

    Defendants.

No. C 13-03287 JSW

**ORDER**

Upon consideration of the parties' submissions and good cause appearing, the Court hereby orders as follows:

    A.    The Court reminds all parties of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel are under an obligation to exercise efforts to identify and notify such non-parties, including employees of corporation or institutional parties.

    B.    "Documents, data and tangible things: is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voicemail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as

1  tapes, disks and cards, printouts, document image files, web pages, databases, spreadsheets,
2  software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements,
3  worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations,
4  drawings, films, digital or chemical process photographs, video, phonographic, tape or digital
5  recordings or transcripts thereof, drafts, jottings and notes.  Information that serves to identify,
6  locate, or link such materials, such as file inventories, file folders, indicies and metadata, is also
7  included un this definition.

8        C.      "Preservation" is to be interpreted broadly to accomplish the goal of maintaining
9  the integrity of all documents, data and tangible things reasonably anticipates to be subject to
10 discovery under Federal Rule of Civil Procedure 26, 45 and 56(e) in this action.  Preservation
11 includes taking steps to prevent the partial or full destruction, alteration, testing, deletion,
12 shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as
13 well as negligent or intentional handling that would make material incomplete or inaccessible.

14       D.      This order extends to information relevant to the subject matter involved in this
15 action or reasonably calculated to lead to the discovery of admissible evidence under the
16 currently operative Complaint in this case.  The key allegations of the Complaint with regard to
17 evidence preservation are:

> 3. This lawsuit challenges an illegal and unconstitutional program of dragnet electronic surveillance, specifically the bulk acquisition, collection, storage, retention, and searching of telephone communications information (the "Associational Tracking Program") conducted by the National Security Agency (NSA) and the other defendants (collectively, "Defendants").
>
> 5. The communications information that Defendants collect in the Associational Tracking Program is retained and stored by Defendants in one or more databases.  The Program collects information concerning all calls wholly within the United States, including local telephone calls, as well as all calls between the United States and abroad, regardless of a connection to international terrorism, reasonable suspicion of criminality, or any other form of wrongdoing.  This information is stored for at least five years.  Defendants have indiscriminately obtained, and stored the telephone communications information of millions of ordinary Americans as part of the Associational Tracking Program.

53. The telephone communications information Defendants collect and acquire in bulk as part of the Associational Tracking Program is retained and stored by Defendants in one or more databases. These databases contain call information for all, or the vast majority, of calls wholly within the United States, including local telephone calls, and calls between the United States and abroad, for a period of at least five years. Defendants have indiscriminately obtained and stored the telephone communications information of millions of ordinary Americans, including Plaintiffs, their members, and staffs, as part of the Associational Tracking Program.

55. Through the Associational Tracking Program, Defendants have collected, acquired, and retained, and continue to collect, acquire, and retain, bulk communications information of telephone calls made and received by Plaintiffs, their members, and their staffs. This information is otherwise private.

60. Defendants' bulk collection, acquisition, and retention of the telephone communications information of Plaintiffs, their members, and their staffs is done (a) without probable cause or reasonable suspicion to believe that Plaintiffs, their members, and their staffs have committed or are about to commit any crime or engage in any international terrorist activity; (b) without probable cause or reasonable suspicion to believe that Plaintiffs, their members, or their staffs are foreign powers or agents of foreign powers; and (c) without probable cause or reasonable suspicion to believe that the communications of Plaintiffs, their members, and their staffs contain or pertain to foreign intelligence information, or relate to an investigation to obtain foreign intelligence information.

64. Defendants' searching of the telephone communications information of Plaintiffs is done without lawful authorization, probable cause, and/or individualized suspicion. It is done in violation of statutory and constitutional limitations and in excess of statutory and constitutional authority. Any judicial, administrative, or executive authorization (including any business records order issued pursuant to 50 U.S.C. § 1861) of the Associational Tracking Program or of the searching of the communications information of Plaintiffs is unlawful and invalid.

66. Defendants, and each of them, have authorized, approved, supervised, performed, caused, participated in, aided, abetted, counseled, commanded, induced, procured, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the Associational Tracking Program and in the search or use of the telephone communications information of Plaintiffs, their members, and their staff. Defendants have committed these acts willfully, knowingly, and intentionally. Defendants continue to commit these acts and will continue to do so absent an order of this Court enjoining and restraining them from doing so.

3

E. Counsel are directed to inquire of their respective clients if the business or government practices of any party involve the routine destruction, recycling, relocation, or mutation of such materials and, if so, direct the party, to the extent practicable for pendency of this order, either to

    (1) halt such business or government practices;

    (2) sequester or remove such material from the business or government practices; or

    (3) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

Counsel representing each party shall, not later than April 21, 2014, submit to the Court under seal and pursuant to Federal Rule of Civil Procedure 11, a statement that the directive in Paragraph E has been carried out.

**IT IS SO ORDERED.**

Dated: March 21, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE