| | |
|---|---|
| CINDY COHN (SBN 145997) <br> cindy@eff.org <br> LEE TIEN (SBN 148216) <br> KURT OPSAHL (SBN 191303) <br> MARK RUMOLD (SBN 279060) <br> DAVID GREENE (SBN 160107) <br> JAMES S. TYRE (SBN 083117) <br> ANDREW CROCKER (SBN 291596) <br> ELECTRONIC FRONTIER FOUNDATION <br> 815 Eddy Street <br> San Francisco, CA 94109 <br> Telephone: 415/436-9333; Fax: 415/436-9993 <br><br> THOMAS E. MOORE III (SBN 115107) <br> tmoore@rroyselaw.com <br> ROYSE LAW FIRM, PC <br> 1717 Embarcadero Road <br> Palo Alto, CA 94303 <br> Telephone: 650/813-9700; Fax: 650/813-9777 | RACHAEL E. MENY (SBN 178514) <br> rmeny@kvn.com <br> MICHAEL S. KWUN (SBN 198945) <br> BENJAMIN W. BERKOWITZ (SBN 244441) <br> JUSTINA K. SESSIONS (SBN 270914) <br> PHILIP J. TASSIN (SBN 287787) <br> KEKER & VAN NEST, LLP <br> 633 Battery Street <br> San Francisco, CA 94111 <br> Telephone: 415/391-5400; Fax: 415/397-7188 <br><br> RICHARD R. WIEBE (SBN 121156) <br> wiebe@pacbell.net <br> LAW OFFICE OF RICHARD R. WIEBE <br> One California Street, Suite 900 <br> San Francisco, CA 94111 <br> Telephone: 415/433-3200; Fax: 415/433-6382 <br><br> ARAM ANTARAMIAN (SBN 239070) <br> aram@eff.org <br> LAW OFFICE OF ARAM ANTARAMIAN <br> 1714 Blake Street <br> Berkeley, CA 94703 <br> Telephone: (510) 289-1626 |

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| FIRST UNITARIAN CHURCH OF LOS ANGELES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL SECURITY AGENCY, *et al.*, <br><br> Defendants. | Case No.: 4:13-cv-03287-JSW <br><br> **ADMINISTRATIVE MOTION TO REQUEST HEARING DATES FOR PENDING MOTIONS** <br><br> Courtroom 5, Second Floor <br> The Honorable Jeffrey S. White |

# ADMINISTRATIVE MOTION TO REQUEST HEARING DATES FOR PENDING MOTIONS

Plaintiffs First Unitarian Church of Los Angeles, *et al.*, request the Court to set a hearing date on their motion for partial summary judgment and on the government's cross-motion to dismiss. In the alternative, plaintiffs request a status conference for the purpose of establishing a schedule by which the pending motions might move towards a resolution.

Plaintiffs filed their opening papers one-and-a-half years ago, on November 6, 2013 (ECF Nos. 24 to 49). The briefing on both motions was completed on February 21, 2014 (ECF Nos. 81, 82). On February 25, 2014, the Court vacated the previously-scheduled hearing date of April 25, 2014 (ECF No. 83). Six months ago, plaintiffs submitted an administrative motion to set a hearing date for the pending motion (ECF No. 122). The Court declined to set a hearing date (ECF No. 124).

Plaintiffs make this second request in light of both the passage of time and the Second Circuit's recent decision in *American Civil Liberties Union v. Clapper* ("*ACLU*"), ___ F.3d ___, No. 14-42-CV, 2015 WL 2097814 (2d Cir., May 7, 2015), in which the Second Circuit found that the NSA's telephone call detail records surveillance program was not authorized by section 215 of the USA PATRIOT Act and was thus illegal.

Like *ACLU*, plaintiffs' pending motion for partial summary judgment challenges the government's claim that its call records surveillance program is authorized by section 215. The Second Circuit also rejected many of the same standing arguments the government makes in its pending motion to dismiss, particularly finding that the plaintiffs had standing to seek relief for their First Amendment injuries. This Court thus now has persuasive circuit court authority to inform its decisionmaking. Plaintiffs have submitted a letter pursuant to Local Rule 7-3 (d)(2) that identifies the *ACLU* decision as supplemental authority concurrently with this request.

This case and *ACLU* are two of several cases filed throughout the nation in the summer of 2013 in response to the revelation of a FISC order authorizing the mass collection of Americans' call records. However, this case is distinct from *ACLU* and the other challenges to the mass collection of call records. None of the other cases presents a First Amendment challenge in the
Case No. 13-cv-3287-JSW -1-
ADMINISTRATIVE MOTION TO REQUEST
HEARING DATES FOR PENDING MOTIONS

way that it is presented in this case. Here plaintiffs are groups organized to present political, religious or social viewpoints that, in many instances, may be viewed as outside the mainstream. They have argued that the mass collection program hinders their ability to associate with and communicate with their members and associates. The other pending cases focus on Fourth Amendment issues. Indeed, the First Amendment issues addressed in plaintiffs' partial summary judgment motion are not part of either of the two appeals currently under submission in the courts of appeals: *Smith v. Obama*, No. 14-35555 (9th Cir. filed July 1, 2014, argued Dec. 8, 2014), and *Klayman v.Obama*, Nos. 14-5004, 14-5005, 14-5016, 14-5017 (D.C. Cir. filed Jan. 9, 2014, argued Nov. 4, 2014).

In opposing the last administrative motion, the government argued that judicial economy should prompt this Court to wait until the Ninth Circuit decided *Smith v. Obama*. ECF No. 123. The *Smith* appeal was argued last December and has now been under submission by the Ninth Circuit for six months. A decision in *Smith* will only affect a single issue in the cross-motions pending before this Court, namely, whether the government's cross-motion to dismiss plaintiffs' Fourth Amendment claim should be granted. A decision in *Smith* will have no influence whatsoever on plaintiffs' affirmative motion for partial summary judgment. That motion establishes that the government's program violates plaintiffs' First Amendment rights and that the program is unlawful under the relevant statutes. ECF No. 24. Ordinary notions of judicial economy would cause a district court to press ahead with at least the issues before it that are unique instead of waiting for a court of appeals to rule on a single, discrete issue in a separate lawsuit. This is especially true where the appellate court's decision cannot obviate the need to adjudicate the remaining issues.

The government's mass collection program creates an ongoing burden on plaintiffs' rights to free expression and association. They are entitled to a day in court. Plaintiffs also suggest that the parties submit supplemental briefs about the *ACLU* decision prior to the hearing. Plaintiffs recommend that such briefs be limited to ten pages and that they be filed concurrently two weeks prior to the hearing.

Alternatively, plaintiffs request the scheduling of a status conference. The purpose of such a conference would be to gain some clarification about an end-point to plaintiffs' waiting, and to set forth a plan for moving the pending motions, and the case as a whole, forward.

Dated: May 22, 2015

Respectfully submitted,

　　　/s/ *Thomas E. Moore III*
Thomas E. Moore III

CINDY COHN
LEE TIEN
KURT OPSAHL
JAMES S. TYRE
MARK RUMOLD
ANDREW CROCKER
DAVID GREENE
ELECTRONIC FRONTIER FOUNDATION

RICHARD R. WIEBE
LAW OFFICE OF RICHARD R. WIEBE

THOMAS E. MOORE III
ROYSE LAW FIRM, PC

RACHAEL E. MENY
MICHAEL S. KWUN
BENJAMIN W. BERKOWITZ
JUSTINA K. SESSIONS
AUDREY WALTON-HADLOCK
PHILIP J. TASSIN
KEKER & VAN NEST LLP

ARAM ANTARAMIAN
LAW OFFICE OF ARAM ANTARAMIAN

*Counsel for Plaintiffs*